# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:25-CV-00962-KDB-SCR

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRUIST BANK, AND DPT FAIRWAY TRAILS LIMITED LP,<br><br>Defendants. | **MEMORANDUM AND ORDER** |

Now before the Court is Plaintiff's motion under Rule 65 of the Federal Rules of Civil Procedure for a Temporary Restraining Order ("TRO") and for Expedited Discovery (Doc. No. 2). For the reasons set forth below, the Court **GRANTS** the motion.

Plaintiff alleges through its verified complaint that funds wired by Plaintiff as part of a real estate refinancing transaction were fraudulently diverted by agents, representatives, or associates of Defendant DPT – Fairway Trails Limited LP ("DPT Fairway") to a bank account at Defendant Truist Bank ("Truist") ending in 8563 in the name of DPT – Fairway Trails Limited LP (the "Account"). Based on the facts alleged, the Court finds 1) that Plaintiff has a likelihood of success in proving its claims; 2) that Plaintiff will suffer immediate and irreparable harm if DPT Fairway and its agents, representatives, and associates are not enjoined from dissipating assets from the Account obtained through the alleged fraud, and if Truist Bank is not directed to freeze any accounts into which proceeds from the fraudulent diversion were placed; 3) that the balance of harms favors Plaintiff, as Plaintiff has an interest in the funds and the Account will be preserved

1

during the pendency of this proceeding; and 4) that it is in the public interest to enjoin activity in the Account to prevent Defendant DPT Fairway's from gaining access to fraudulently diverted funds. Further, the Court finds that because notice of these proceedings provided to DPT Fairway prior to the issuance of a TRO would make it likely that monies may be transferred, hidden or disposed of by DPT Fairway, its agents, representative, or associates, granting this TRO without notice is appropriate.

Having found that the requirements of Rule 65 have been satisfied, the Court therefore orders that Defendant Truist Bank, and its agents, employees, and representatives, are enjoined from facilitating or allowing any withdrawal, transfer, or disposition of its wired funds presently held in the Truist Bank account ending in ending in 8563 in the name of DPT – Fairway Trails Limited LP, and any and all accounts into which those funds were transferred, and Truist is required to maintain the funds in the Account, and any other accounts at Truist Bank into which monies from the Account may have been transferred, until further Order of the Court, unless and until Truist Bank transfers and returns the funds directly to Plaintiff (from whom the funds were received).

It is further ordered that Plaintiff's Motion for Expedited Discovery is hereby **GRANTED**. Plaintiff is granted leave to serve Truist with the proposed Requests for Production of Documents attached to its Motion as Exhibit B. Truist is hereby **ORDERED** to respond to those discovery requests and to produce any non-privileged documents responsive thereto upon Plaintiff within three (3) days of the date of service.

It is further **ORDERED** that:

1. The security requirement under Rule 65(c) is waived in its entirety;
2. The preliminary injunction hearing will be expedited;

3. The preliminary injunction hearing will be consolidated with a hearing on the merits;

4. The Motion and relief are granted ex parte;

5. The consolidated preliminary injunction hearing and hearing on the merits shall be held at a time to be set by the Court; and

6. The TRO shall remain in effect until after the consolidated preliminary injunction hearing and hearing on the merits at a time to be set by the Court.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 4, 2025

Kenneth D. Bell
United States District Judge