IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00962-KDB-DCK

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DPT - FAIRWAY TRAILS LIMITED LP; TRUIST BANK; DPT, LLC; BANK OF AMERICA, NA; DANIEL TURNER; REGIONS BANK; TD BANK, NA; AND JPMORGAN CHASE BANK NATIONAL ASSOCIATION,<br><br>Defendants. | **MEMORANDUM AND ORDER** |

Now before the Court is Plaintiff's second motion under Rule 65 of the Federal Rules of Civil Procedure for a Temporary Restraining Order and for Expedited Discovery (Doc. No. 11). For the reasons set below, the Court **GRANTS** the motion.

On December 4, 2025, this Court determined that Plaintiff sufficiently alleged through its verified Complaint and Motion for Temporary Restraining Order (Doc. Nos. 1–2) that it has a likelihood of success in proving that funds wired by Plaintiff as part of a real estate refinancing transaction were fraudulently diverted by agents, representatives, or associates of Defendant DPT – Fairway Trails Limited LP ("DPT Fairway") to a bank account at Defendant Truist Bank ("Truist") ending in 8563 in the name of DPT – Fairway Trails Limited LP (the "Truist Account"); that Plaintiff would suffer immediate and irreparable harm if DPT Fairway and its agents, representatives, and associates were not enjoined from dissipating assets from the Truist Account

1

obtained through the fraud, and if Truist Bank was not directed to freeze any accounts into which proceeds from the fraudulent diversion were placed; that the balance of harms favors Plaintiff, as Plaintiff has an interest in the funds and the Truist Account would be preserved during the pendency of this proceeding; that it is in the public interest to enjoin activity in the Account to prevent Defendant DPT Fairway's gain from fraudulently diverted funds; and that because notice of these proceedings provided to DPT Fairway prior to the issuance of a temporary restraining order would make it likely that monies may be transferred, hidden or disposed of by DPT Fairway, its agents, representative, or associates, granting this Temporary Restraining Order without notice is appropriate.

The Court therefore ordered that Defendant Truist Bank, and its agents, employees, and representatives, was and is enjoined from facilitating or allowing any withdrawal, transfer, or disposition of its wired funds presently held in the Truist Bank account ending in ending in 8563 in the name of DPT – Fairway Trails Limited LP, and any and all accounts into which those funds were transferred, and Truist is required to maintain the funds in the Truist Account, and any other accounts at Truist Bank into which monies from the Truist Account may have been transferred, until further Order of the Court, unless and until Truist Bank transfers and returns the funds directly to Plaintiff (from whom the funds were received).

Documents produced by Truist in response to Plaintiff's Expedited Discovery Requests demonstrate that the Truist Account is held in the name of "DPT, LLC", a Florida limited liability company and that some of the moneys in the Truist Account were subsequently paid to DPT, LLC through cashier's checks issued by Truist and by wire transfer to an account at Defendant JP Morgan Chase N.A. ending in 1693 belonging to DPT, LLC. Further, Plaintiff has demonstrated

that Defendant Daniel Turner was the individual who opened the Truist Account on behalf of DPT and that some of the fraudulently diverted monies were paid to Defendant Turner.

Through Plaintiff's Second Motion for Entry of Temporary Restraining Order and Preliminary Injunction and for Expedited Discovery and its Verified Amended Complaint, Plaintiff alleges that it has a likelihood of success in proving that funds wired by Plaintiff as part of a real estate refinancing transaction were fraudulently diverted by agents, representatives, or associates of DPT Fairway, DPT, LLC, and Turner (the "DPT Fairway Actors") from the Truist Account to (1) accounts held at Defendant TD Bank ending in: 0677 belonging to Barbara Helen Dano; 4303 belonging to Cathleen L Goros; 3268 belonging to Christopher Sawyer; 8828 belonging to Daniel Turner; 9857 belonging to Georgia Martinez; 8265 belonging to Michael Reid; 2787 belonging to Neil Warran Ostlund; 9285 belonging to Jessica Johnson; and 5670 belonging to Janet L. Monaco; (2) an account held at Defendant Regions Bank ending in 5982 belonging to Cheri Lynn Boggs; (3) an account held at Defendant JP Morgan Chase N.A. ending in 1693 belonging to DPT, LLC; and (4) an account with an unknown number held at Bank of America N.A. belonging to Engineered Technology LLC (the "Accounts"); that Plaintiff would suffer immediate and irreparable harm if the respective owners of the Accounts and their agents, representatives, and associates were not enjoined from dissipating assets from the Accounts obtained through the fraud, and if Defendants TD Bank N.A., Regions Bank, Bank of America N.A., and JPMorgan Chase Bank N.A. are not directed to freeze any accounts into which proceeds from the fraudulent diversion were placed; that the balance of harms favors Plaintiff, as Plaintiff has an interest in the funds transferred from the Truist Account to the Accounts and the Accounts would be preserved during the pendency of this proceeding; that it is in the public interest to enjoin activity in the Accounts to prevent the DPT Fairway Actor's gain from fraudulently diverted funds;

and that because notice of these proceedings provided to DPT Fairway Actors prior to the issuance of a temporary restraining order would make it likely that monies may be transferred, hidden or disposed of by DPT Fairway Actors, granting this Temporary Restraining Order without notice is appropriate.

Having found that the requirements of Rule 65 have been satisfied, the Court therefore orders that Defendants TD Bank, Bank of America, JP Morgan, Regions Bank, and their agents, employees, and representatives, are enjoined from facilitating or allowing any withdrawal, transfer, or disposition of funds presently held in the Accounts, and any and all accounts into which those funds were transferred, and TD Bank, Bank of America, JP Morgan, and Regions Bank are required to maintain the funds in the Accounts, and any other accounts into which monies from the Accounts may have been transferred, until further Order of the Court, unless and until TD Bank, Bank of America, JP Morgan, and Regions Bank voluntarily honor the wire recalls issued at Plaintiff's request such that the funds may ultimately be returned to Plaintiff with Plaintiff's consent and without need for further Order of this Court.

It is further ordered that Plaintiff's Second Motion for Expedited Discovery is hereby **GRANTED**. Plaintiff is granted leave to serve Defendants TD Bank N.A., Regions Bank, Bank of America N.A., and JPMorgan Chase Bank N.A. with the proposed Requests for Production of Documents attached to its Motion as Exhibits B-E. Defendants TD Bank N.A., Regions Bank, Bank of America N.A., and JPMorgan Chase Bank N.A. are hereby **ORDERED** to respond to those discovery requests and to produce any non-privileged documents responsive thereto upon Plaintiff within three (3) days of the date of service.

It is further **ORDERED** that:

1. The security requirement under Rule 65(c) is waived in its entirety;

2. The preliminary injunction hearing will be expedited

3. The preliminary injunction hearing will be consolidated with a hearing on the merits;

4. The Motion and relief are granted ex parte;

5. The consolidated preliminary injunction hearing and hearing on the merits shall be held at a time to be set by the Court;

6. This Temporary Restraining Order shall remain in effect until after the consolidated preliminary injunction hearing and hearing on the merits at a time to be set by the Court; and

7. Nothing in this Order shall enjoin Defendants Truist Bank, TD Bank N.A., Regions Bank, Bank of America N.A., and JPMorgan Chase Bank N.A. from honoring the wire recalls issued and returning the diverted funds to Truist and/or Plaintiff prior to further Order from this Court.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 10, 2025

Kenneth D. Bell
United States District Judge